UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00166-MOC

| | |
|---|---|
| IN RE: POPLAR RIDGE, LLC, | )<br>)<br>) |
| Debtor, | )<br>) |
| -------------------------------------------------- | ORDER |
| LANGDON M. COOPER, TRUSTEE, | )<br>) |
| Appellant, | )<br>) |
| Vs. | )<br>) |
| WPB POLAR RIDGE, LLC,, | )<br>) |
| Appellee. | ) |

**THIS MATTER** is before the court on the appeal of the Trustee from the Order of the Bankruptcy Court dismissing appellant adversary proceeding in accordance with Rule 12(b)(6), Federal Rules of Civil Procedure. In that action, the Trustee sought to set aside a conveyance to appellee of the debtor's declarant rights, which were conveyed to appellee in conjunction with its purchase of the Poplar Ridge residential development at foreclosure. In sum, the Trustee contends that the declarant rights (which, *inter alia*, provide control to the developer of the Home Owners' Association during development) should not have been conveyed by the substitute trustee to appellee and that the bankruptcy court was in error when it dismissed his adversary proceeding for failure to state a claim. After conducting its own review of the Trustee's claim, this court also determines that the Trustee has failed to state a viable claim against the appellee and will affirm the decision of the bankruptcy court and dismiss this appeal.

I.

On appeal, the court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. District courts exercise *de novo* review over an appeal of a bankruptcy court's decision in an adversary proceeding, "effectively standing in its shoes to consider directly the findings of fact and conclusions of law by the bankruptcy court." Cypher Chiropractic Ctr. v. Runski (In re Runski), 102 F.3d 744, 745 (4th Cir. 1996); Bowers v. Atlanta Motor Speedway, Inc. (In re Southeast Hotel Props. Ltd. P'ship), 99 F.3d 151, 154 (4th Cir. 1996) ("Findings of fact are reviewed for clear error, and conclusions of law are reviewed de novo" (citation omitted)). Accordingly, this court reviews "legal conclusions by the bankruptcy court *de novo* and may overturn its factual determinations only upon a showing of clear error." Morris v. Quigley (In re Quigley), 673 F.3d 269, 271 (4th Cir. 2012); accord Terry v. Meredith (In re Meredith), 527 F.3d 372, 375 (4th Cir. 2008). The proper construction and interpretation of the Bankruptcy Code is a question of law subject to plenary review. Runski, 102 F.3d at 745.

II.

In determining whether a claim can survive a motion under Rule 12(b)(6), the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) that the "no set of facts" standard only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id. at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of

[undisclosed] facts' to support recovery." Id. at 561 (alteration in original). Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a claimant must allege facts in his complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a claimant must plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id. at 570 (emphasis added).

Post-Twombly, the Court revisited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. at 678. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability...." Id. While the court accepts plausible factual allegations made in a claim as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true

unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. While a complainant is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.

III.

The pertinent facts underlying the Trustee's claim are not in dispute. A&H Development, LLC, was the initial developer of "Poplar Ridge," a residential subdivision located in Asheville, North Carolina. As required under North Carolina's *Planned Community Development Act*, N.C. Gen. Stat. § 47F-1-101, *et seq.*, Poplar Ridge was established pursuant to its *Declaration of Covenants, Conditions, and Restrictions for Poplar Ridge*, which were recorded in the office of the Buncombe County Register of Deeds (the "Declaration"). Through a series of transactions which are not at issue here, debtor Poplar Ridge, LLC became the owner and developer of the subdivision in 2006. Under the terms of the Declaration, the debtor became

the "Declarant" when it acquired the development from A&H. The Declaration specifically provides, as follows:

> "Declarant" shall mean A&H DEVELOPMENT, LLC, its successors in title and assigns, provided that any such successor-in-title or assign shall acquire for the purpose of development and/or sale all or substantially all of the remaining undeveloped or unsold portions of the Property and, provided further, that in the instrument of conveyance to any such successor-in-title or assign, such successor-in-title or assign is designated as the "Declarant" hereunder by the grantor of such conveyance, which grantor shall be the "Declarant" hereunder at the time of such conveyance.

Appellee Ex. 1 at 10.

At the time it acquired the development in 2006, debtor conveyed to Mountain 1st Bank & Trust Company ("Mountain 1st") a first Deed of Trust on the unsold lots to secure a promissory note in the amount of $2,500,000.00, which funded its purchase of the subdivision. In relevant part, the Deed of Trust provided that debtor "irrevocably grants, conveys and sells to Trustee, in trust for the benefit of the Lender" certain described real estate, "[t]ogether with all rights, easements, appurtenances … and all existing and future improvements, structures, fixtures, and replacements that may now, or at any time in the future, be part of the real estate described …." Appellee Ex. 2 at 1-2.

At the height of the financial crisis, Mountain 1st sold and assigned its rights under the Deed of Trust and the promissory note to WPB Partners, LLC. Debtor then defaulted on the note and WPB appointed a successor trustee in accordance with the Deed of Trust and initiated foreclosure proceedings on the Deed of Trust. At the foreclosure sale, WPB was the high bidder and thereinafter assigned its bid rights to appellee herein, which ultimately paid some 1.7 million as there were no upset bids made.

On April 26, 2011, the successor trustee executed and delivered to appellee its Substitute Trustee Deed, which conveyed specified real property, along with "all easements and appurtenances to any and all of the above-described property." [Ex. 4, p. 5]. Furthermore, the Substitute Trustee's Deed specifically provided:

> The Grantee is designated a successor Declarant by the Grantor hereunder and pursuant to that Declaration of Covenants, Conditions and Restrictions for Poplar Ridge, originally dated as of January 7, 1999, recorded in Book 2069, Page 27, Buncombe County Registry, as amended, assigned and previously transferred (the "Declaration").

Ex. 3, p. 2. In addition to the Substitute Trustee's Deed, the debtor, WPB, and others executed and delivered to appellee an additional document captioned as a "Transfer of Declarant's Interest," which purported to convey to appellee the declarant's rights.

As the court discussed with counsel during oral arguments, this second deed appears to be mere surplusage as under North Carolina law, whatever rights the Substitute Trustee had under the Deed of Trust were sold at the foreclosure and then conveyed to appellee by and through its Substitute Trustee's Deed. Indeed, the face of the Substitute Trustee's Deed not only designated appellee as its successor Declarant, but also conveyed to appellee all the rights it had under the Deed of Trust. Thus, as counsel for both sides ably argued at the hearing, the issue squarely before the court is an issue of law as to whether the Deed of Trust encumbered declarant's rights. If it did, the bankruptcy court properly dismissed the Trustee's claims.

IV.

The court finds as a matter of law that the declarant's rights under the Polar Ridge *Declaration of Covenants, Conditions, and Restrictions for Poplar Ridge* were encumbered under the language of the Deed of Trust. The Deed of Trust provided that debtor "irrevocably

-6-

grants, conveys and sells to Trustee, in trust for the benefit of the Lender" certain described real estate, "**[t]ogether with all rights**, easements, appurtenances … and all existing and future improvements, structures, fixtures, and replacements that may now, or at any time in the future, be part of the real estate described …." Appellee Ex. 2 at 1-2. Without any doubt, the "declarant rights" established by the Declaration were included in the Deed of Trust when debtor conveyed "all rights." While the Trustee has put forth scenarios where a note holder would not want the liabilities associated with acquiring declarant rights upon default, there is nothing appearing on the face of the Deed of Trust that indicates that debtor parsed-out, retained, or excluded from its Deed of Trust its declarant's rights. Instead, the opposite is readily apparent, to wit, that debtor conveyed "all rights" upon the event of foreclosure.

While there is no reported North Carolina case addressing the conveyance of "declarant rights" at foreclosure, North Carolina property law is well settled that "a conveyance of land, in the absence of anything in the deed indicating a contrary intention, carries with it everything properly appurtenant to, that is, essential or reasonably necessary to the full beneficial use and enjoyment of the property conveyed ...." Rickman Mfg. Co. v. Gable, 246 N.C. 1, 15 (1957). Clearly, "declarant rights" are an essential part of the bundle of rights necessary for a developer, or a successor developer, to complete its work in developing a community under North Carolina's *Planned Community Development Act.* While the court does not rest its decision on the recent amendments to such Act, the amendments to the Act make it clear that declarant rights are included in at least extant deeds of trust conveyed by developers dating back to 1999. From the moment of the Declaration through the execution and delivery of the Substitute Trustee's Deed to appellee, there is absolutely no document which provides any indicia that the declarant's

rights had been unbundled from all of the property rights held by the debtor. Indeed, North Carolina law in effect at the time the Deed of Trust was both executed and foreclosed on provided that "[e]xcept for transfer of declarant rights pursuant to a foreclosure, no special declarant right (G.S. 47F-1-103(28)) may be transferred except by an instrument evidencing the transfer recorded in every county in which any portion of the planned community is located. The instrument is not effective unless executed by the transferee." N.C. Gen. Stat. § 47F-3-104. Had the Trustee alleged that such instrument in fact existed evidencing a separation of declarant rights that predated the Deed of Trust, the court would agree with the Trustee that it had alleged sufficient plausible facts to survive appellee's Motion to Dismiss. Thus, the Trustee has failed to state plausible facts which would allow it to prevail on any cause of action brought in its adversary proceeding against appellee and the court concludes as a matter of law that the Deed of Trust at issue encumbered declarant's rights and that such were in fact conveyed by the Substitute Trustee's Deed to appellee.

V.

With that determination, the court has considered *de novo* each determination made by the bankruptcy court as to each of the five claims asserted in the adversary proceeding: a claim under 11 U.S.C. § 548(a)(1)(B) for fraudulent transfer/constructive fraud; a claim under N.C. Gen. Stat. § 39-23.4(a)(2) for fraudulent transfer; a claim under N.C. Gen. Stat. § 39-23.5(a) fraudulent transfer; a claim under N.C. Gen. Stat. § 39-23.5(b) for fraudulent transfer; and a claim under 11 U.S.C. § 502(d) for disallowance of claims. Having considered the arguments of appellant and appellee as to each of these claims, the court fully agrees with the reasoning of the appellee that none of the Trustee's claims are viable inasmuch as appellee was the lawful

successor to debtor as the holder of the declarant rights and that such transfer was indeed for a reasonably equivalent value as a matter of law. BFP v. Resolution Trust Corp., 511 U.S. 531, 545 (1994) (holding that with respect to a mortgage foreclosure, "a fair and proper price, or a 'reasonably equivalent value' for foreclosed property, is the price in fact received at the foreclosure sale, so long as all the requirements of the State's foreclosure law have been complied with."). Finding no error, the court will fully affirm the decision of the bankruptcy court.

## ORDER

**IT IS, THEREFORE, ORDERED** that after *de novo* review and hearing, the decision of the bankruptcy court is **AFFIRMED** and the appeal is **DISMISSED**.

The Clerk of this court shall send a copy of this Order to the Clerk of the Bankruptcy Court and Honorable George R. Hodges, Senior United States Bankruptcy Judge.

Signed: January 27, 2015

Max O. Cogburn Jr.
United States District Judge